**FILED**

**APR 14 2014**

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVI RUFFIN,                                )
6921 Georgia Ave., NW                       )
Apt. 203                                    )
Washington, DC 20012,                       )
                                            )
          PLAINTIFF                         )
    vs.                                     )
                                            )
UNITED STATES,                              )
                                            )
DR. ROSALIND I. HARTLAND,                   )
*in her individual capacity*,               )
305 School Side Dr.,                        )
Throop, PA 18512,                           )
                                            )
                                            )
          DEFENDANTS                        )

Civil Action No. _____

Case: 1:14-cv-00761
Assigned To : Cooper, Christopher R.
Assign. Date : 4/14/2014
Description: PI/Malpractice

## COMPLAINT

### THE PARTIES

1.   Plaintiff LEVI RUFFIN is a citizen of the District of Columbia.

2.   LEVI RUFFIN is not currently incarcerated.

3.   The Bureau of Prisons (BOP) is a component of the Department of Justice (DOJ), an agency of Defendant UNITED STATES.

4.   DR. ROSLAND I. HARTLAND (hereinafter "DR. HARTLAND") is, and at all times relevant to this Complaint was, the Chief Dental Officer for USP Canaan

### JURISDICTION AND VENUE

5.   This action arises under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents*.

**RECEIVED**

**APR - 4 2014**

**Clerk, U.S. District & Bankruptcy Courts for the District of Columbia**

6.      This Court has jurisdiction over the United States and the FTCA claim against it pursuant to 28 USC § 1346(b).

7.      This Court has personal jurisdiction over the *Bivens* claims against the individual defendant under the doctrine of pendent personal jurisdiction.

8.      Venue is proper in this district as to the FTCA claim pursuant to 28 USC § 1402(b)(2) because Plaintiff LEVI RUFFIN resides in the District of Columbia.

9.      Venue is proper in this district as to the individual defendant under the doctrine of pendent venue.

## STATEMENT OF FACTS

10.     While incarcerated at USP Canaan, Plaintiff began experiencing severe pain in his lower right wisdom tooth.

11.     On May 11, 2012, LEVI RUFFIN was seen by dental hygienist Lori Burns and his dental treatment plan was updated to include a plan for extraction of a partially erupted tooth, tooth #32.

12.     On or about September 20, 2012, LEVI RUFFIN was seen by the Chief Dental Officer for USP Canan, DR. HARTLAND.

13.     LEVI RUFFIN told DR. HARTLAND that his level of pain was "8" on a scale of 1-10 and that his wisdom tooth on the right side was chipped and that he had a hole in his tooth down to the nerve.

14.     DR. HARTLAND observed that LEVI RUFFIN's right wisdom tooth (tooth #32) had caries below the bone level and that the tooth was impacted. DR. HARTLAND diagnosed LEVI RUFFIN with "dental caries extending into pulp" and recommended removal of the tooth.

15.     DR. HARTLAND requested that BOP have an oral surgeon perform the tooth extraction on LEVI RUFFIN.

16.     DR. HARTLAND prescribed 500 mg of acetaminophen to be taken by mouth four times daily as needed for pain during the following seven days.

17.     DR. HARTLAND also prescribed 500 mg penicillin to be taken by mouth four times daily for ten days for infection.

18.     LEVI RUFFIN continued to experience severe pain in his right wisdom tooth, as the acetaminophen that was prescribed for his pain was not sufficient to adequately relieve the pain.

19.     LEVI RUFFIN repeatedly complained to USP Canaan Health Services staff that the pain was unbearable and that he needed additional pain medication as well as to have his tooth treated immediately.

20.     The Health Services staff at USP Canaan refused to provide LEVI RUFFIN with additional treatment for his pain and refused to provide him with emergency treatment for the toothache in tooth #32.

21.     The request for LEVI RUFFIN to be placed on a treatment list for an outside specialist in oral surgery was not approved until November 20, 2012 – two months after DR. HARTLAND had made the request.

22.     In the meantime, LEVI RUFFIN continued to experience severe pain and on or about November 1, 2012, he filed an inmate grievance BP-228 form (Attempt at Informal Resolution, also known as "BP-8") stating that "this tooth needs to come out now," and that waiting months to see a specialist is "not an option" because he is having trouble eating.

23.     The BP-228 complaint was not informally resolved because USP Canaan staff did not take appropriate steps to address LEVI RUFFIN's tooth pain.

24.     LEVI RUFFIN continued to experience severe pain and on or about November 7, 2012, he filed a BP-229 (Request for Administrative Remedy, also known as "BP-9") stating that his "tooth is hurting really bad" and that he needed emergency care for his tooth, rather than being placed on a waiting list.

25.     On December 6, 2012 Warden David J. Ebbert responded to the Administrative Remedy Request (which was assigned number 711874-F2) by stating that LEVI RUFFIN was on the pending treatment list to see an outside specialist for oral surgery; that the request for placement on the treatment list was approved November 20, 2012; and that LEVI RUFFIN was scheduled for an evaluation and treatment plan determination.

26.     LEVI RUFFIN continued to experience severe pain and deterioration of tooth #32. On or about December 11, 2012, he spoke to the Health Staff Administrator, Mr. Burkett, and told him that the hole in his mouth is stinking, bleeding daily, and could be infected.

27.     On December 13, 2012, LEVI RUFFIN was brought to the dental clinic for dental fillings unrelated to tooth #32.

28.     At his appointment, LEVI RUFFIN complained to DR. HARTLAND about pain in his tooth and difficulty eating.

29.     DR. HARTLAND diagnosed LEVI RUFFIN with "dental caries extending into dentine."

30.     DR. HARTLAND did not attempt to treat LEVI RUFFIN's pain or to expedite the process of having his tooth removed.

31.     Instead, DR. HARTLAND offered LEVI RUFFIN that he could switch to a pureed diet.

32.     LEVI RUFFIN did not agree to sign the form to receive a pureed diet, whereupon a nurse hit the back of his hands with a clipboard.

33.     A second form was then presented to LEVI RUFFIN for him to sign in order to obtain his consent to proceed with the fillings.

34.     This second form contained a provision relieving the dentist of liability for the fillings.

35.     LEVI RUFFIN read the form and was concerned that by signing this second form, he was agreeing to forego any treatment for dental issues he was having other than receiving dental fillings.  LEVI RUFFIN did not wish to waive any of his rights to receive treatment for his wisdom tooth or to hold officials accountable for failing to treat his wisdom tooth.

36.     LEVI RUFFIN continued to experience severe pain and on or about December 13, 2012, he filed a BP-230 (Regional Administrative Remedy Appeal, also known as "BP-10") describing his conversation with Mr. Burkett and complaining that the responses to his BP-8 and BP-9 were inadequate.

37.     LEVI RUFFIN was transferred from USP Canaan to FDC Philadelphia

38.     On January 17, 2013, LEVI RUFFIN was seen by dentist Dr. Song at FDC Philadelphia.

39.     Dr. Song examined tooth #32 and noted that it was "bucally inclinded [sic] with curved root" and that LEVI RUFFIN was "in severe pain" (a "9" on a scale of 10).

40.     Dr. Song's report noted that LEVI RUFFIN "was seen in another institution but was not able to get treatment."

41.     Dr. Song prescribed 600 mg of ibuprofen to be taken by mouth three times daily for the following ten days for pain.

42.     Dr. Song also prescribed 10mL Chlorhexidine Gluconate Oral Solution (rinse) to be taken by mouth at bedtime for ten days for infection.

43.     Dr. Song referred LEVI RUFFIN for further treatment.

44.     LEVI RUFFIN continued to experience severe pain and deterioration of tooth #32, and on or about January 25, 2013, he filed a BP-231 (Central Office Administrative Remedy Appeal, also known as "BP-11") complaining that it had been over two months since he was approved to see a specialist, but that he was still in pain and had not been treated.

45.     LEVI RUFFIN was transferred from FDC Philadelphia back to USP Canaan.

46.     On May 21, 2013, LEVI RUFFIN was called to the dental clinic to have his tooth #32 extracted by BOP dentist Dr. Kenneth Cho.

47.     By that point, LEVI RUFFIN was less than one month away from being released.

48.     Despite continued severe pain, LEVI RUFFIN decided that since he was going to be released so soon, he would be better off waiting to have his tooth extracted after his release so that he could have the operation performed by a provider of his own choosing.

49.     Thus, LEVI RUFFIN declined to have Dr. Cho perform the extraction.

50.     Had LEVI RUFFIN been offered the chance to have his tooth #32 extracted earlier, he would certainly have taken advantage of the opportunity, as demonstrated by his repeated and strenuous requests for immediate extraction of tooth #32, and the fact that he had previously agreed to have another tooth extracted at USP Canaan (tooth #17) in 2012.

51.     Shortly after LEVI RUFFIN was released from custody and returned to his home in Washington, D.C., he sought dental treatment, including the extraction of tooth #32.

52.     On July 17, 2013, LEVI RUFFIN had his erupted tooth #32 extracted by Dr. Lim at Water Brook Dental in Washington, DC.

## COUNT I:
### FEDERAL TORT CLAIMS ACT – NEGLIGENCE
(Defendant UNITED STATES)

53.     This Count realleges and incorporates by reference all of the preceding paragraphs.

54.     Defendant owed a duty of care to Plaintiff to provide adequate medical (including dental) treatment during his incarceration.

55.     Defendant breached that duty by waiting over two years before offering LEVI RUFFIN the opportunity to have his lower right wisdom tooth (#32) extracted.

56.     Defendant further breached its duty by failing to provide, for over two years, adequate treatment for the pain caused by tooth #32.

57.     As a result of the Defendant's negligence, Plaintiff suffered injuries including, but not limited to, worsening infection, worsening toothache, and increased physical and mental anguish.

58.     Through counsel, Plaintiff timely submitted an administrative claim to the Bureau of Prisons on July 8, 2013.  In a letter dated January 7, 2014, the Bureau of Prisons denied Plaintiff's administrative claim.

## COUNT II:
### *BIVENS* – EIGHTH AMENDMENT
(Defendant DR. HARTLAND)

59.     This Count realleges and incorporates by reference all of the preceding paragraphs.

60.     Defendant acted with deliberate indifference to Plaintiff's serious medical needs by delaying the availability of surgery to extract tooth #32 for over two years.

61.     As a result of Defendant's failure to provide timely medical care for Plaintiff, he suffered a worsening of his dental condition and prolonged pain.

62.     Defendant acted with deliberate indifference to Plaintiff's serious medical needs by failing to treat his severe pain in tooth #32.

63.     As a result of the Defendant's negligence, Plaintiff suffered injuries including, but not limited to, worsening infection, worsening toothache, and increased physical and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff compensatory damages in an amount to be determined at trial;

(2) Grant Plaintiff an award of litigation costs reasonably incurred in this action;

(3) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*