UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVI RUFFIN,<br><br>        PLAINTIFF<br>vs.<br><br>UNITED STATES,<br><br>        DEFENDANT | Civil Action No. 1:14-cv-761 (TSC) |

STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

Plaintiff, Levi Ruffin, and the United States, by their undersigned counsel, hereby agree and stipulate as follows:

1. The United States and Plaintiff do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, against the United States arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. The United States agrees to pay to Plaintiff the sum of THREE THOUSAND DOLLARS ($3,000). This payment shall be made by an electronic transfer of funds as specified in instructions provided to counsel for the United States by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following entry of this Stipulation on the docket as an order of the Court pursuant to paragraph 8 below. Plaintiff and Plaintiff's counsel shall cooperate with the United States to insure that all documentation required to process this payment is complete and accurate. This payment is inclusive of Plaintiff's attorneys' fees, costs, and other litigation expenses, and the United States

shall have no further liability for those fees, costs, and expenses. Plaintiff and Plaintiff's counsel shall be responsible for any distribution of the payment among themselves.

3. Plaintiff acknowledges that the payment set forth in paragraph 2 constitutes full and complete satisfaction of any and all claims which have been or could have been asserted by Plaintiff in the above-captioned action against the United States, its agents, servants, and employees, including, but not limited to, employees of the United States Bureau of Prisons (hereinafter, collectively the "Released Parties"), including any and all claims, demands, rights, and causes of action of whatsoever kind and nature arising from the events alleged in the above-captioned action, whether known or unknown, whether asserted or unasserted in the above-captioned action, for which Plaintiff or his heirs, distributees, executors, administrators, personal representatives, successors and/or assigns, and each of them, now have or may hereafter acquire against the Released Parties. Plaintiff and his heirs, distributees, executors, administrators, personal representatives, successors and/or assigns further agree to reimburse, indemnify and hold harmless the Released Parties, from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his heirs, distributees, executors, administrators, personal representatives, successors and/or assigns against any third party or against any of the Released Parties.

4. This stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, including any employee of the United States Bureau of Prisons, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by Plaintiff and the United States for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the Plaintiff and the United States, that they will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiff with respect to the amount paid in settlement by the United States will be paid out of the settlement amount set forth in paragraph 2 herein and not in addition thereto.

6. It is also understood by and among the Plaintiff and the United States that pursuant to Title 28, United States Code, Section 2678, any attorneys' fees owed by the Plaintiff with respect to the amount paid in settlement by the United States shall not exceed 25 per centum of the settlement amount set forth in paragraph 2 herein.

7. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

8. Execution of this Stipulation by Plaintiff, counsel for Plaintiff and counsel for the United States shall constitute a dismissal with prejudice of all claims asserted against the United States in the above-captioned action, effective upon entry of this Stipulation on the docket as an order of the Court.

9. Following the execution of the Stipulation by the signatories for all parties, counsel for Plaintiff shall file the fully executed Stipulation with the Court. In the event additional action is necessary to obtain an order from the Court dismissing the claims and parties referenced in the preceding paragraph, Plaintiff agrees to take any such additional action, at his expense, and also to cooperate fully with the United States in that effort. Plaintiff agrees to seek to obtain a Court order of dismissal of the claims referenced in the preceding paragraph in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this Stipulation at its option in the event such an order is not obtained in a timely manner.

10. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against the United States Bureau Of Prisons, or the United

States and any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to enforce the terms of this Stipulation.

11.   Plaintiff represents that he has read this Stipulation, that he has been given a reasonable period of time within which to consider the terms of the Stipulation and to consult with an attorney of his choice about those terms, and that he has signed this Stipulation of his own free will, without threat, coercion, or promise of any future consideration, and with knowledge of the meaning and effect of its provisions.

12.   This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same document. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

IN WITNESS WHEREOF, the parties hereto, by and through their authorized counsel, intending to be legally bound, have executed this Stipulation on the dates shown below.

_____
Levi Ruffin, Plaintiff

Executed this 17 day of Dec, 2015

_____
Jeffrey L. Light
D.C. Bar # 485360
LAW OFFICE OF JEFFREY L. LIGHT
1712 Eye St., NW Suite 915
Washington, DC 20006

*Attorney for Plaintiff Levi Ruffin*

Executed this 17th day of Dec, 2015

CHANNING D. PHILLIPS
D.C. Bar # 415793
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By: _____
ALEXANDER D. SHOAIBI
DC Bar # 423587
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4218
Washington, D.C. 20530
(202) 252-2511
alexander.d.shoaibi@usdoj.gov

*Attorneys for Defendant United States*

Executed this 7 day of December, 2015

SO ORDERED:

On this ___ day of _____, 2015

_____
United States District Judge